NEWMAN, Circuit Judge,
dissenting.
With all respect to the concerns of this panel, I do not agree that this transfer from the district court to the Court of Federal Claims is forbidden by statute. The ultimate liability for “damages” is that of the United States, and jurisdiction has been explicitly assigned to the Court of Federal Claims. It is not required that any underlying fault on the part of the dredging operators, if there were such, be litigated first and only in the district court. Nor must such fault be shown in order for the United States to incur liability to the oyster growers.
The applicable statute, 28 U.S.C. § 1497, assigns the issues arising from federally authorized dredging to the Court of Federal Claims:
§ 1497. Oyster growers’ damages from dredging operations. The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages to oyster growers on private or leased lands or bottoms arising from dredging operations or use of other machinery and equipment in making river and harbor improvements authorized by Act of Congress.
Recognizing this jurisdictional assignment, the district court transferred the case, citing § 1497 and the authority of 28 U.S.C. § 1404(a), as follows:
§ 1404(a). Change of venue.
For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
Such transfer is not dependent on whether the district court could retain jurisdiction of an issue raised in the pleadings, for § 1404(a) is not subordinate to 28 U.S.C. § 1631, and does not exclude transfers to the Court of Federal Claims:
§ 1631. Transfer to cure want of jurisdiction.
Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.
Taken together, the district court’s transfer action is within the letter of the transfer statutes, whose purpose is to facilitate judicial cognizance of disputes.
This court now holds that if the district court had jurisdiction to decide a negligence claim between the oyster farmers and the dredgers, the district court is precluded by §§ 1404(a) and 1631 from transfer to the Court of Federal Claims. However, as the parties point out, there may be no need to decide whether the dredgers were negligent, for it appears that any ultimate liability to the oyster growers due to federally-ordered dredging is with the United States, a liability that can be assessed only by the Court of Federal Claims. This invokes §§ 1497 and 1631, *1380 even on my colleagues’ limited reading of § 1404(a). Thus this court errs in requiring trial in the district court of part of the case, a part that all parties agree will not provide finality, whether or not the oyster farmers succeed in establishing that the dredgers were “negligent.” Finality has “the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.” Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (discussing collateral estoppel).
The district court’s reliance on § 1404(a) and § 1497 as the bases for transfer to the Court of Federal Claims is not excluded by § 1631. The purpose of § 1631 was to assure transfer authority in the event the restructuring in 1982 of the Court of Claims into two courts, appeal and trial, produced jurisdictional uncertainties. The purpose was to facilitate transfer between federal trial courts, not to require separate litigation of “issues” in different trial courts. Thus the Federal Courts Improvement Act, Pub.L. No. 94-164, 96 Stat. 25 (1982), assigned to the new Federal Circuit the appellate jurisdiction of the Court of Claims, and established a separate trial court (then named the Claims Court) to handle the trial work that was previously conducted by the Court of Claims through trial “commissioners.” The purpose of 28 U.S.C. § 1631 (Transfer to Cure Want of Jurisdiction) was to safeguard against uncertainty and conflicts among forums and costly, duplicative litigation. Senator Robert Dole, chairman of the Senate Judiciary Subcommittee on Courts, explained:
In recent years, much confusion has been engendered by provisions of existing law that leave unclear which of two or more Federal Courts have subject matter jurisdiction over certain categories of civil actions.
127 Cong. Rec. 23085, 23097 (1981). In further remedy of perceived deficiencies in judicial structure, the authority of the new Claims Court was enlarged from that of the predecessor Court of Claims to enable the grant of “complete relief’:
In addition, section 133 of the bill gives the new Claims Court the power to grant declaratory judgments and give equitable relief in controversies within its jurisdiction. This provision will for the first time give the court specializing in certain claims against the Federal Government the ability to grant litigants complete relief. The [Senate Judiciary] committee concluded that this provision will avoid the costly duplication in litigation presently required when a citizen seeks both damages and equitable relief against the Government.
Id. at 29860. The panel majority strays from the text and intent of Congress by permitting, indeed requiring, duplicative litigation of the issue of dredging injury for which the United States would ultimately be liable.
The Court of Federal Claims is fully authorized to decide the issues that relate to liability of the United States under § 1497. My colleagues appear to deny this authority, by requiring trial of the negligence count in the district court. Indeed, it may not be necessary to decide whether the dredgers were negligent, in order for the oyster growers to obtain compensation for actual injury. Nonetheless, this court now finds lack of jurisdiction by applying § 1497, and ignores the transfer grounds relied on by the district court.
Transfer to the Court of Federal Claims is not precluded even for cases in which the district court and the Court of Federal Claims both have jurisdiction, for example transfer for forum non conveniens as might arise under the Little Tucker Act, *1381 28 U.S.C. § 1346(a)(2), or regulatory issues where the available relief varies with the court, such as in Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir.1994), or bid protest cases, as illustrated by Scanwell Laboratories, Inc. v. Shaffer, 424 F.2d 859 (D.C.Cir.1970). It is irrelevant whether the district court could have retained the case in order to decide whether the dredgers acted negligently, for the court transferred the entire case in the interest of judicial and party economy, citing the interest in avoiding redundant relitigation.
It is far from clear how this litigation could proceed in the district court to resolve the third-party complaint for monetary relief based on contracts with the United States. The plaintiffs and the third party plaintiffs have been and are being pressed into litigating duplicate protective actions — at significant cost to them as well as to the United States — by this unnecessary jurisdictional rigor. The district court invoked a logical and permissible solution, implementing the goals of Congress. This court’s redistribution of portions of this action to separate trial forums is neither necessary nor desirable. The district court’s transfer action was within its discretionary authority and not contrary to law, and should be sustained.